Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
PANEL V

| ROXANNE SIFONTES SMITH  Recurrida  v.  MICHAEL MASER  Peticionario | KLCE202401166 | *Certiorari* Procedente del Tribunal de Primera Instancia, Sala de SAN JUAN  Caso Núm.: SJ2024CV05157  Sobre: Desahucio |
|---|---|---|

Panel integrado por su presidente el Juez Hernández Sánchez, el Juez Bonilla Ortiz y la Jueza Mateu Meléndez.

Mateu Meléndez, Jueza Ponente

### RESOLUCIÓN

En San Juan, Puerto Rico, a 24 de octubre de 2024.

En el día de hoy, el Sr. Michael Maser (en adelante, el peticionario) sometió ante este Tribunal de Apelaciones *Petición de Certiorari* y *Moción en Auxilio de Jurisdicción.* En el primero de estos escritos, nos solicita la revocación de la *Orden* dictada y notificada en el caso de epígrafe el 18 de octubre de 2024. Por virtud de esta, el Tribunal de Primera Instancia, Sala Superior de San Juan (en adelante TPI o foro primario) en respuesta a cierta *Moción de Desestimación* sometida por el peticionario por no haber sido emplazado dentro del término dispuesto por nuestras Reglas de Procedimiento Civil, *infra*, para ello, señaló la vista de desahucio, sin resolverla. En el segundo, entre otras cosas, nos pide que ordenemos la paralización de los procedimientos y dejemos en suspenso el señalamiento y demás ordenes vigentes.

Examinado el legajo apelativo, por virtud del derecho aplicable que a continuación consignamos, **denegamos** expedir el auto de *certiorari* solicitado.

Número Identificador

RES2024 _____

-I-

Los hechos de los casos relacionados a la controversia traída ante nuestra consideración el día de hoy son los mismos detallados en la *Resolución* del 6 de septiembre de 2024 en el caso **KLCE202400925** resuelto antes por este Panel. Por consiguiente, integramos en la presente aquellos importantes para la decisión que hoy debemos alcanzar.

El 6 de junio del año en curso, la Sra. Roxanne Sifontes Smith (en adelante, la recurrida) sometió *Demanda* de Desahucio contra el peticionario. Según allí alegó, el 27 de febrero de 2024, las partes suscribieron un contrato de arrendamiento de la propiedad ubicada en el número 550 de la Calle Waymouth, San Juan, Puerto Rico. El término del contrato era un año y el canon mensual acordado era $9,000.00. La recurrida manifestó que, al visitar la propiedad con el fin de realizar ciertas reparaciones conforme al contrato, encontró que la misma se encontraba sucia, insalubre y en condiciones de deterioro. Específicamente se indicó que al entrar en la propiedad se encontró "excremento y orín de perro por todos lados, incluyendo en el área de los muebles, marcos de madera, pisos, alfombras y otras áreas de la Propiedad de la demandante" y que "la señora encargada de la limpieza de la Propiedad, le informó a la demandante que los perros se hacían sus necesidades en las camas y en todas las esquinas de los muebles de madera en la Propiedad." Igualmente, sostuvo que el peticionario impidió la entrada de personal de limpieza y mantenimiento, a pesar de que tales servicios son parte del contrato.

La recurrida estableció que, conforme a las propias disposiciones del acuerdo, y debido al incumplimiento del peticionario con el mismo, le notificó a este último la rescisión del contrato y se le concedió un término para que desalojara la propiedad, cosa que se ha negado a hacer. Por esto y otras razones, se solicitó al TPI que declarara Con Lugar la *Demanda*, decretara sumariamente el desahucio del peticionario y ordenara su

lanzamiento, así como el de cualquier persona que por sí o en nombre de él ocupara la propiedad, más $5,000.00 en concepto de honorarios de abogado por temeridad.

El 7 de julio de este año, la recurrida acudió al foro primario mediante *Moción en Solicitud de Remedio Interlocutorio*. Allí, informó que las distintas gestiones hasta ese momento efectuadas para lograr emplazar al peticionario habían sido infructuosas, quien- por las razones allí dadas- se entendía se encontraba fuera de la jurisdicción de Puerto Rico. Además, tras repasar las alegaciones específicas en la demanda en cuanto a la condición de la propiedad y ciertas cláusulas del acuerdo de arrendamiento, afirmó que la ausencia del demandado operaba diariamente contra el interés de la recurrida en preservar su propiedad. Por tal razón, solicitó autorización para que ella y su personal de limpieza y mantenimiento accedan a la propiedad "por un periodo no menor de 24 horas para realizar de inmediato la limpieza de los interiores que el peticionario no había realizado, así como el mantenimiento del área de piscina y jardines que impidió se realizaran."

El 15 de julio de 2024, se celebró una audiencia. Conforme la *Minuta* levantada, a preguntas del Tribunal la recurrida explicó la situación del deterioro de la propiedad rentada por falta de mantenimiento. Su representación legal, por su parte, hizo referencia la cláusula número 5 del contrato de arrendamiento y, ante la situación que representaba la falta de mantenimiento de la propiedad, reiteró en favor de su clienta el remedio provisional ya solicitado.  Varios días después, el foro primario dictó *Resolución y Orden de Remedio Provisional* en la que emitió la siguiente orden:

1. Se autoriza a la demandante y a su personal de limpieza y mantenimiento acceder a la propiedad arrendada ubicada en el número **550, de la Calle Waymouth, San Juan (Miramar), Puerto Rico, 00907**, durante un período de veinticuatro (24) horas, para realizar de inmediato la limpieza de los interiores, el mantenimiento requerido al área de piscina y el riego y rehabilitación de los jardines.

2.  La demandante podrá **acceder a la propiedad en el horario de 9:00am a 5:00pm, en no más de tres (3) ocasiones, en días consecutivos**, hasta

completar las 24 horas autorizadas, contadas desde el primer día de acceso al inmueble.

3. Se requiere a la demandante realizar estos trabajos en presencia de aquel(la) Notario(a) Público, de su elección, funcionario(a) que deberá además preparar un *Acta Notarial*, por medio de la cual se pormenoricen los asuntos relacionados con el estado de situación del inmueble, así como la descripción detallada de las labores de limpieza y mantenimiento que se ejecuten.

4. Se ordena a la demandante a **presentar ante el Tribunal, bajo el expediente electrónico de este asunto, una copia del Acta Notarial, en un término no mayor de veinticuatro (24) horas, desde la fecha en que el/la Notario(a) Público le haya otorgado**.

5. La demandante deberá recabar, si fuere necesario, el auxilio de la Oficina de Alguaciles de este Tribunal, a los fines de hacer cumplir las determinaciones contenidas en esta Orden.

6. **Esta Orden estará en vigor inmediatamente luego de su registro y notificación: y hasta el miércoles, 31 de agosto de 2024, a las 6:00 p.m.**

El 9 de agosto de 2024, la recurrida sometió *Escrito al Expediente Judicial*. Allí, sometió un proyecto de emplazamiento y citación de desahucio por edicto para que la Secretaría lo expidiera.[1] Por su parte, con fecha del 10 de agosto de 2024, el peticionario presentó *Moción Urgente de Nulidad de Orden Dictada Ex Parte*. En esta, indicó que advino en conocimiento por voz de su emplazador, quien a su vez se enteró por voz del emplazador de la recurrida, acerca de la orden emitida en el caso y de una próxima visita que se haría con Alguaciles del Tribunal para entrar a la propiedad. Argumentó que la orden de remedio provisional emitida en el caso era nula, puesto que la misma incumplía con las disposiciones de la Regla 57.1 y 57.4 de Procedimiento Civil.

Mediante órdenes separadas dictadas el 19 de agosto de 2024, el foro primario atendió ambos escritos, En torno a la *Moción Urgente de Nulidad de Orden Dictada Ex Parte*, le ordenó a la representación legal de ambas partes a comunicarse para discutir lo referente al mantenimiento de la propiedad y demás alegaciones levantadas.[2] En cuanto el *Escrito al Expediente Judicial*,

---

[1] Véase, Entrada Núm. 18 del Sistema Unificado de Manejo y Administración de Casos (SUMAC).

[2] Inconforme con lo resuelto, el peticionario solicitó reconsideración. El 20 de agosto de 2024, el TPI denegó la reconsideración. De esta decisión recurrió en revisión mediante el recurso KLCE202400925 que fue denegado. Véase, *Resolución* del Tribunal de Apelaciones del 6 de septiembre de 2024 emitida en dicho caso.

resolvió: Académico. El Sr. Michael Maser ya compareció al pleito- Véase SUMAC 19.

Así las cosas, el 15 de octubre de 2024, el peticionario sometió una *Moción de Desestimación* en la que, tal como adelantamos, reclamó que habían transcurrido los 120 días que la Regla 4.3(c) de Procedimiento Civil, 32 LPRA Ap. VI. R. 4.3 (c), establece para que se le emplace sin que así se haya hecho. Por tanto, reclamó debía decretarse la desestimación sin perjuicio de la acción instada en su contra. El 18 de octubre de 2024, el foro primario atendió este escrito. En su orden dispuso: "Se señala la vista de *Desahucio* para el **miércoles 30 de octubre de 2024, a las 9:00 am, de manera presencial**. Se hace constar que, por ser inconsistente con la naturaleza sumaria del desahucio solicitado, cualquier reclamo sobre incumplimiento con los términos del contrato debe dilucidarse mediante otro pleito independiente."

En desacuerdo con tal decisión el peticionario acude en esta ocasión ante nos y a modo de único error, reclama que se equivocó el TPI al denegar su solicitud de desestimación y señalar el caso para una vista en su fondo sin haber adquirido jurisdicción sobre el demandado.

Ante la cercanía del señalamiento efectuado en el caso, en consideración a la naturaleza sumaria de la acción, y conforme a la Regla 7(B)(5) de nuestro Reglamento, 4 LPRA Ap. XXII-B, prescindimos de la comparecencia de la recurrida y procedemos a resolver. Debido a que el recurso está siendo atendido en el día de hoy, declaramos **No Ha Lugar** la solicitud de auxilio.

II

**-A-**

El vehículo procesal de *certiorari* permite a un tribunal de mayor jerarquía a revisar discrecionalmente las órdenes o resoluciones interlocutorias emitidas por una corte de inferior instancia judicial. 800

Ponce de León v. AIG, 205 DPR 163 (2020). La determinación de expedir o denegar este tipo de recursos se encuentra enmarcada dentro de la discreción judicial. *Íd*. De ordinario, la discreción consiste en "una forma de razonabilidad aplicada al discernimiento judicial para llegar a una conclusión justiciera". Medina Nazario v. McNeil Healthcare LLC, 194 DPR 723, 729 (2016); Negrón v. Srio. de Justicia, 154 DPR 79, 91 (2001). Empero, el ejercicio de la discreción concedida "no implica la potestad de actuar arbitrariamente, en una u otra forma, haciendo abstracción del resto del derecho." *Íd.*

Ahora bien, en los procesos civiles, la expedición de un auto de *certiorari* se encuentra delimitada a las instancias y excepciones contenidas en la Regla 52.1 de Procedimiento Civil, 32 LPRA Ap. V, R. 52.1. Scotiabank v. ZAF Corp et al., 202 DPR 478 (2019). La mencionada Regla dispone que solo se expedirá un recurso de *certiorari* cuando "se recurra de una resolución u orden bajo remedios provisionales de la Regla 56, *injunctions* de la Regla 57 o de la denegatoria de una moción de carácter dispositivo." 800 Ponce de León v. AIG, *supra.*

Asimismo, y a manera de excepción, se podrá expedir este auto discrecional cuando:

    (1) se recurra de decisiones sobre la admisibilidad de testigos de hechos o peritos esenciales,

    (2) en asuntos relacionados a privilegios evidenciarios,

    (3) en casos de anotaciones de rebeldía,

    (4) en casos de relaciones de familia,

    (5) en casos revestidos de interés público o

    (6) en cualquier situación en la que esperar a una apelación constituiría un fracaso irremediable de la justicia." *Íd.*

El examen de estos autos discrecionales no se da en el vacío o en ausencia de otros parámetros. 800 Ponce de León v. AIG, *supra.* Para ello, la Regla 40 de nuestro Reglamento establece ciertos indicadores a tomar en

consideración al evaluar si se debe o no expedir un recurso de *certiorari*.

Estos son:

> (A) Si el remedio y la disposición de la decisión recurrida, a diferencia de sus fundamentos, son contrarios a derecho.

> (B) Si la situación de hechos planteada es la más indicada para el análisis del problema.
> (C) Si ha mediado prejuicio, parcialidad o error craso y manifiesto en la apreciación de la prueba por el Tribunal de Primera Instancia.

> (D) Si el asunto planteado exige una consideración más detenida a la luz de los autos originales, los cuales deberán ser elevados, o de alegatos más elaborados.

> (E) Si la etapa del procedimiento en que se presenta el caso es la más propicia para su consideración.

> (F) Si la expedición del auto o de la orden de mostrar causa no causan un fraccionamiento indebido del pleito y una dilación indeseable en la solución final del litigio.

> (G) Si la expedición del auto o de la orden de mostrar causa evita un fracaso de la justicia. 4 LPRA Ap. XXII-B, R. 40.

Los criterios previamente transcritos pautan el ejercicio sabio y prudente de la facultad discrecional judicial. Mun. de Caguas v. JRO Construction, 201 DPR 703, 712 (2019).  La delimitación que imponen estas disposiciones reglamentarias tiene "como propósito evitar la dilación que causaría la revisión judicial de controversias que pueden esperar a ser planteadas a través del recurso de apelación." Scotiabank v. ZAF Corp. et al., *supra*, págs. 486-487; Mun. De Caguas v. JRO Construction, *supra*.

**-III-**

Como ya adelantamos, el peticionario nos pide la revocación de una determinación mediante la cual, en lugar de conceder su solicitud para la desestimación, el foro primario se limitó a señalar la audiencia de desahucio. Al así hacerlo, Allí destaca que desde su primera comparecencia ha establecido que acude sin someterse a la jurisdicción del tribunal y argumenta que la falta de diligenciamiento del emplazamiento expedido

dentro del término dispuesto en ley hace obligatoria la desestimación, constituyéndose así un abuso de discreción por parte del TPI al no hacerlo.

Tratándose la orden recurrida de un dictamen interlocutorio mediante el cual el foro primario atendió una moción dispositiva, nos encontramos ante una instancia de esas en las que, por disposición expresa de la Regla 52.1 de Procedimiento Civil, *supra*, estamos autorizados a expedir el recurso discrecional del *certiorari*. No obstante, evaluados los argumentos levantados por el peticionario y el expediente judicial, no identificamos criterio alguno de los establecidos por la Regla 40 de nuestro Reglamento para intervenir, por lo que no intervendremos con lo resuelto.[3]

**-IV-**

Por los fundamentos arriba expuestos, **denegamos** expedir el auto de *Certiorari* solicitado y declaramos no ha lugar *la solicitud de auxilio*.

**Notifíquese inmediatamente.**

Lo acordó y manda el Tribunal, y lo certifica la Secretaria del Tribunal.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones

---

[3] Al final de cuenta, como arroja el legajo apelativo, durante el trámite del caso, al evaluar el *Escrito al Expediente Judicial* el foro primario determinó que la expedición de un emplazamiento por edicto era académica, **puesto que el peticionario había comparecido al caso**. Nótese que pese a las implicaciones que tal determinación tiene, este no acudió en revisión judicial sobre ello.